UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ronald T. Seaworth, | Case No. 20-cv-2560 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| KLST, Inc., et al., | |
| Defendants. | |

---

This matter is before the Court on Defendants' motion to dismiss. (Dkt. 6.) For the reasons addressed below, Defendants' motion is granted.

## BACKGROUND

Plaintiff Ronald T. Seaworth, who resides in Minnesota, is a former employee of Defendant KLST, Inc., which is located in Elk River, Minnesota, and does business as ABRA Auto Body and Glass (ABRA). Defendants Kedrick Johnson, Scott Johnson, Todd Johnson, Danyell Wendland, Ross Ristinen, and Amy Klemz are employees of, or otherwise affiliated with, ABRA.

This case arises out of alleged employment-law violations. Seaworth alleges that "Defendants engaged in 18 counts of wage theft/embezzlement" and "1 count of retaliation for reporting to the employer [Defendants'] crime of wage theft." Seaworth alleges that Defendants violated Minn. Stat. § 609.52, subdiv. 1(13)(i) and (iii); Minn. Stat. § 181.932, subdiv. 1; and "Federal wage laws." Defendants move to dismiss based on a lack of federal subject-matter jurisdiction, pursuant to Rule 12(b)(1), Fed. R. Civ. P.

**ANALYSIS**

Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 2, cl. 1; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

There are two basic statutory grants of federal-court subject-matter jurisdiction: federal-question jurisdiction, *see* 28 U.S.C. § 1331, and diversity-of-citizenship jurisdiction, *see* 28 U.S.C. § 1332; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). With respect to federal-question jurisdiction, federal district courts have been granted jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In other words, a federal district court may adjudicate disputes that arise under *federal* law. When a case does not involve a federal question, a court may still have subject-matter jurisdiction over the case if diversity jurisdiction is established. *See* 28 U.S.C. § 1332(a). Here, only federal-question jurisdiction is at issue.

Federal-question jurisdiction arises when a plaintiff's claims plead "a cause of action created by federal law" or when "state-law claims . . . implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Whether federal-question jurisdiction exists is "governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks omitted).[1] However, "[a] court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) (internal citations omitted).

Defendants move to dismiss this case for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), Fed. R. Civ. P. Specifically, Defendants argue that Seaworth has not established a basis for federal-question jurisdiction and, therefore, the complaint should be dismissed. In the complaint, Seaworth asserts federal-question jurisdiction generally, *see* 28 U.S.C. § 1331, and specifically asserts that federal-question jurisdiction is available pursuant to 42 U.S.C. § 12203, 18 U.S.C. § 3571, and the "Fair Wage act."

Under Rule 12(b)(1), a defendant may challenge the plaintiff's complaint for lack of subject-matter jurisdiction either on its face or on the factual truthfulness of its averments. *See, e.g.*, *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). With a facial attack, the non-moving party "receives the same protections as it would defending against

---

[1] In response to Defendants' motion to dismiss, Seaworth asserts federal jurisdiction pursuant to "42 USC Title VI." As an initial matter, Title VI of the Civil Rights Act of 1964 is not cited in the complaint. *See* 42 U.S.C. §§ 2000d *et seq.* Title VI prohibits discrimination on the basis of race, color, and national origin in any program or activity receiving federal financial assistance. 42 U.S.C. § 2000d. Here, Seaworth has not alleged that he was treated in a discriminatory manner based on race, color, or national origin, or that Defendants are a program or activity that receives federal financial assistance. Accordingly, Seaworth has not stated a claim under Title VI and, therefore, Title VI cannot confer jurisdiction.

3

a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). But when evaluating a factual challenge to subject-matter jurisdiction, the district court may weigh evidence outside the pleadings. *Id.* at 729–30. Here, Defendants raise a facial attack on standing. Accordingly, the pleadings are construed in the light most favorable to the non-moving party and the facts alleged in the complaint are taken as true. *See* Fed. R. Civ. P. 12(b)(6); *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

The Court addresses, in turn, whether any of the statutes or acts cited in the complaint provide a basis for federal-question jurisdiction.

**I.     Created by Federal Law**

**A.     42 U.S.C. § 12203**

Defendants argue that 42 U.S.C. § 12203 does not provide or create a private cause of action. Seaworth does not address this argument.

Section 12203 provides:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203(a). The "chapter" referenced in Section 12203 is the Americans with Disabilities Act of 1990 (ADA). 42 U.S.C. §§ 12101 *et seq.* The ADA provides:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge

4

> of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Here, the complaint is devoid of allegations pertaining to a disability or other status that is protected under the ADA. *See* 42 U.S.C. § 12102.

Accordingly, because Seaworth has not pleaded a claim under the ADA, this Court lacks jurisdiction pursuant to 42 U.S.C. § 12203.

**B.     18 U.S.C. § 3571**

Defendants argue that 18 U.S.C. § 3571 also does not confer jurisdiction. Seaworth does not present argument as to how Section 3571 might confer jurisdiction.

Section 3571, which is a criminal statute, sets forth fines that a court may assess after a defendant has been found guilty of a federal offense. 18 U.S.C. § 3571.

Here, it appears that Seaworth cited Section 3571 in relation to his claims of "wage theft/embezzlement." A court may, at times, infer a private cause of action on the basis of a criminal statute alone. *Wisdom v. First Midwest Bank*, 167 F.3d 402, 407 (8th Cir. 1999). But absent an indication that civil enforcement is available, a private cause of action will not be inferred. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *see Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137–38 (4th Cir. 1987) (concluding that there is no basis for implying a civil cause of action from federal criminal code provisions, including embezzlement). Therefore, the Court lacks jurisdiction over what appears to be a purported private cause of action for embezzlement.

### C. "The Fair Wage act"

Defendants argue that, because there is no "Fair Wage Act" codified in federal law, such an act cannot confer jurisdiction. Specifically, Defendants argue that Seaworth appears to be referencing a bill that was introduced in the United States House of Representatives in 2016 and 2019 that has not been enacted into law. *See* H.R. 4508, 114th Cong. (2016); H.R. 4443, 116th Cong. (2019). Seaworth does not identify where the "Fair Wage Act" is codified, if at all. And a bill that has not been enacted into law cannot provide the basis for federal-question jurisdiction. Accordingly, the "Fair Wage act" does not provide a basis for federal-question jurisdiction.

## II. Implication of Significant Federal Issues

Although Seaworth fails to state a cause of action created by federal law, a state-law claim that implicates significant federal issues may provide a basis for federal-question jurisdiction. "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 545 U.S. at 314; *accord Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983). Absent a federal cause of action, a case cannot arise under federal law unless the plaintiff's right to relief under state law "requires resolution of a substantial question of federal law in dispute between the parties." *McNeill v. Franke*, 171 F.3d 561, 564 (8th Cir. 1999). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised,

(2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Here, Seaworth fails to present any argument as to whether, or how, a substantial question of federal law is in dispute between the parties. And based on Seaworth's complaint, Minnesota laws addressing employer wage theft and retaliation appear to form the basis of the complaint. *See* Minn. Stat. §§ 609.52, subdiv. 1(13), 181.932. Accordingly, because it appears that state law, rather than federal, is at issue and that a substantial question of federal law has not been raised, Seaworth's claims do not implicate a significant federal issue. Therefore, federal-question jurisdiction on this ground also does not exist.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss, (Dkt. 6), is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to terminate Plaintiff Ronald T. Seaworth's motion to deny Defendants' motion to dismiss, (Dkt. 12).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 12, 2021
                                                     s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge